Vincent J. SCOTT, Plaintiff,

v.

Donald G. CHOATE, Defendant.

No. 73 C 568(1).

United States District Court,
E. D. Missouri, E. D.

Aug. 15, 1974.

John L. McMullin, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Mo., for plaintiff.

David O. Danis, Whalen, O'Connor, Collins & Danis, James M. Daly, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter was tried to the Court and was submitted on the testimony and briefs of the parties.

This cause was tried on Count II of the complaint. Count I was dismissed by the plaintiff prior to trial. Count II alleges that the defendant, the former Chief of Police of Breckenridge Hills, Missouri, during August of 1970, took from the plaintiff an Omega watch and $40.00 in cash and then had the plaintiff driven to a filling station outside of Breckenridge Hills. Jurisdiction is alleged under 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Plaintiff, Vincent J. Scott, testified that on or about August 12, 1970, he was arrested at an apartment and taken to the Breckenridge Hills Police Station and was released on bail thereafter. He testified that at that time the defendant looked at his watch and made some remarks about the watch but did not take the watch at that time.

He testified that several days after the arrest, he called the Chief of Police concerning certain items which were seized in the prior arrest and the defendant, Chief of Police, told him to come over and get them any time. Plaintiff testified that he borrowed a car from his sister-in-law, Lillian Scott, that he borrowed $40.00 from her and went to the Police Station in the rented car. He further testified that his wife and brother followed him to the police station. Both of them warned him that he should not go to the police station because of the threatening manner which defendant had used toward the plaintiff when he was arrested several days earlier, but nevertheless, he went to the police station and upon arrival, the defendant, Chief of Police, took from him an Omega watch and $40.00, then had another policeman drive him outside of the City of Breckenridge Hills to a filling station nearby.

On cross-examination, plaintiff admitted that he had four prior convictions: (1) a State charge of uttering a forged instrument for $8500; (2) passing forged securities in Topeka, Kansas; (3) passing forged securities in Canada; (4) mail fraud with reference to a bank loan in Topeka, Kansas. He further testified that the watch had been given to him by a girl friend whose name was Sharon. He also stated that he had not been regularly employed since 1967, but that he had been living in an apartment on occasions with a brother, a brother-in-law, and a nephew, that he had accounts in several banks, that he was not involved in any fraudulent credit card operations at the time of his arrest several days prior to the incident about which he complains.

Hugh Liston, Sr., father of Lillian Scott, testified that sometime during August he rented a car for his daughter, Lillian Scott, and that the leasing agency called him later and stated that the car was picked up at Breckenridge Hills. Mr. Liston was unable to identify the name of the leasing agency from whom he leased the car.

Clarence Scott, a brother of the plaintiff, testified that he followed his brother to the police station in his brother's car and that at the time his wife, Lillian Scott, had loaned plaintiff $40.00, that the plaintiff, Vincent Scott, was wearing a watch when he went to the police department, that it was missing when he returned. Clarence Scott had a prior conviction for mail fraud. Clarence Scott denied being involved in the fraudulent use of credit cards at the apartment in which he had been arrested a few days prior to the incident in question. He testified he observed plaintiff being driven outside of Breckenridge Hills to a filling station after being inside the Breckenridge Hills Police Department.

Lillian Scott, the wife of Clarence Scott, testified that she had loaned Vin-

cent Scott $40.00 on the occasion in question. She observed Vincent Scott enter the police station and before leaving home she had observed him wearing a watch and had loaned Vincent Scott a rented car. She testified that after Vincent Scott entered the police station, she later saw a policeman driving him in another car to a filling station on St. Charles Rock Road. She and her husband waited outside the police station.

The defendant, Donald Choate, the former Chief of Police of Breckenridge Hills, Missouri, testified that on August 12, 1970, he had arrested the plaintiff at an apartment where he had picked up a number of credit cards in various names, duplicate Missouri Driver's license for the plaintiff, a number of bank books in different names, and a typewriter, all of which he had turned over to the FBI and the County Police Department for investigation of the plaintiff with relation to the use of fraudulent credit cards. He stated that on August 12, the plaintiff had made bond. He denied that he had ever seen the plaintiff after that occasion and that as far as he knows, no charges arose from the arrest in question. He denied that the plaintiff ever came back to the police station several days later or that he had ever taken a watch or $40.00 from the plaintiff. Defendant in August of 1970 was the Chief of Police, but he is no longer the Chief of Police of Breckenridge Hills. Two other Breckenridge Hills policemen on the day shift testified that they recall the arrest of the plaintiff on August 12, but that plaintiff had never been back to the police station thereafter.

The Court is of the opinion that the testimony of the plaintiff and his witnesses is unbelievable. Based on the previous criminal records of both plaintiff and his brother and the interest of Lillian Scott, the wife of Clarence, had in the matter, this Court is of the opinion that their testimony is not believable. In addition to that, it does not make sense for the defendant in this case to give the watch back to plaintiff when he was under arrest at the same time making a statement that he liked the watch and then take it away from the plaintiff when he came back on a subsequent occasion. Accordingly, the plaintiff has not met the burden of proof of this case by the preponderance of the evidence, and the cause will be dismissed with prejudice.